Filed 12/12/13  In re Licona CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re EDUARDO LICONA<br><br>on Habeas Corpus. | G048980<br><br>(Super. Ct. No. 11NF3162)<br><br>O P I N I O N |

Original proceedings; petition for a writ of habeas corpus to file a timely notice of appeal.  Petition granted.

Appellate Defenders, Inc., Patricia Ihara for Petitioner.

Kamala D. Harris, Attorney General, and Julie L. Garland, Assistant Attorney General for Respondent.

\*          \*          \*

THE COURT: *

Eduardo Licona seeks relief from the failure to file a timely notice of appeal. The petition is granted.

On April 26, 2013, Eduardo Licona was sentenced to 45 years to life after a jury trial. According to trial counsel's declaration, Licona advised him that he wanted to appeal the verdict and relied on counsel to file a notice of appeal on his behalf. According to counsel, after he prepared a notice of appeal and mailed it to the superior court on June 19, 2013, he received a letter from the superior court stating the notice of appeal had been "received" but not filed because it was received seven days beyond the 60 day deadline to file the notice of appeal. (Cal. Rules of Court, rule 8.308.)

The principle of constructive filing of the notice of appeal should be applied in situations where a criminal defendant requests trial counsel to file a notice of appeal on his behalf and counsel fails to do so in accordance with the law. (*In re Benoit* (1973) 10 Cal.3d 72, 87-88.) This is because an attorney, who has advised his client that he would file a notice of appeal, has a duty to file a proper notice of appeal, or tell the client how to file it himself. In this case, trial counsel advised Licona that he would file a notice of appeal on his behalf. Licona's reasonable reliance on the promise of trial counsel to file a timely notice of appeal entitles him to the relief requested.

The Attorney General does not oppose Licona's request for relief to file a late notice of appeal without the issuance of an order to show cause. (*People v. Romero* (1994) 8 Cal.4th 728.)

The petition is granted. The Clerk of the Superior Court is directed to file the notice of appeal that was stamped "received" but not filed on July 2, 2013. Further proceedings, including the preparation of the record on appeal, are to be conducted

---

* Before Rylaarsdam, Acting P. J., Fybel, J., and Ikola, J.

2

according to the applicable rules of court.  In the interest of justice, the opinion in this matter is deemed final as to this court forthwith.